UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| JOHNNY E. BLAIR, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 05-54-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Johnny E. Blair (Blair) and Defendant Jo Anne Barnhart, Commissioner of Social Security (Commissioner). [Record No. 8, 9] Through this action, Blair seeks to reverse the decision of an administrative law judge (ALJ) concluding that he was not entitled to a period of disability and disability insurance benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will remand the matter for further proceedings consistent with this opinion.

**I.    BACKGROUND**

Blair graduated from high school and has taken special education courses. [Tr. 465] He has no past relevant work experience. Blair presently claims he is disabled to due two bad discs in his back, and pain in his left leg and nerves. In a prior case, on September 17, 1997, Blair requested a hearing on his claim that he was entitled to child's insurance benefits for disability on the account of his father, and for supplemental security income on his own account. [Tr. 39]

Although his request was ultimately denied, the ALJ made a determination that "although the claimant graduated from high school, he reads at the third grade level and retains mathematical skills at the sixth grade level." [Tr. 45]

Blair subsequently applied for disability and Supplemental Security Income benefits (SSI) on September 19, 2000. [Tr. 17] This application was denied initially and on reconsideration. Blair then requested and received an administrative hearing before the Administrative Law Judge on September 19, 2002. This hearing resulted in an unfavorable decision for Blair on November 15, 2002. [Tr. 17-23] During this hearing, the ALJ found the defendant to have a high school education. [Tr. 23] His hypothetical to the ALJ also reflected this level of education. [Tr. 481-482]

Blair's request to review the ALJ's decision was denied by the Appeals Council; thus, on November 15, 2002, the ALJ's decision became the final decision of the Commissioner. The Commissioner's decision is that Blair retains the capacity to perform light work, of which there are many such jobs in both the local and national economy. [Tr. 22-23]

**II.   LEGAL STANDARD**

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 416.920(c). Third,

if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. §416.920(e).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 416.920(f). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

### III.   ANALYSIS

#### A.   Substantial Evidence

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of

choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (quotes and citations omitted). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the

job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

In the present case, Blair argues that the ALJ's characterization of his education as being that of a "high school graduate" violates *Drummond v. Comm'r of Soc. Sec.*, where a prior ALJ had characterized his education as "marginal". [Record No. 8]; *Drummond*, 126 F.3d 837 (6th Cir. 1997). Blair argues that when the ALJ presented the hypothetical to the vocational expert (VE), he should have specifically characterized his educational level as "marginal". [Record No. 8] Blair asserts that, under *Drummond*, the ALJ in the present case was bound by a prior finding that Blair's educational level was "marginal". *Id.*

In response, the Commissioner argues that Blair's claim of *res judicata* with regards to the determination of his educational level are instead governed by *Dennard v. Sec'y of Health & Human Services*, 907 F.2d 598 (6th Cir. 1990). In *Dennard*, the Sixth Circuit's ultimate determination was that an ALJ was not free to reconsider the nature and extent of the exertional level in a former job. *Id.* at 600. This was the finding that the Court embraced in *Drummond*, 126 F.3d at 842. Therefore, under either standard, the ALJ in the present case is bound by any determinations made by a prior ALJ on which no new evidence has been presented.[1]

---

[1] The Court notes that the burden to present new evidence to overcome the *res judicata* effect of a prior determination is on the Commissioner. Since no evidence was presented, this Court need not determine what level of evidence would be sufficient to support that burden. *Drummond v. Commissioner of Social Sec.*, 126 F.3d 837, 843 (6th Cir. 1997) ("The burden is on the

The ALJ's use of the incorrect level of education in the presentation of the hypothetical to the VE was erroneous under the relevant legal standard as set forth in *Drummond*. *Id.* The question, therefore, becomes whether such error was harmless, as the Commissioner suggests..

### B.     Harmless Error

To determine that a claimant is not disabled, the Commissioner must demonstrate that the claimant has "the vocational qualifications to perform specific jobs " available in the national economy. *Varley v. Sec'y of Health & Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced, as it was in the present case through the testimony of a vocational expert in response to a hypothetical question. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235 (6th Cir. 2002)  However, that hypothetical must accurately portrays [Howard's] individual physical and mental impairments. *Id.* at 238.

In *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004), the Sixth Circuit held that "[a] court cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record . . . [to conclude that] a different outcome on remand is unlikely.  '[A] procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway.'" *Id*. at 546 (quoting *Mazaleski v. Treusdell*, 562 F.2d 701, 719 n.41 (D.C. Cir. 1977)).

The Commissioner argues that, while *Wilson* would ordinarily require remand in cases of this type, in the present case the error was harmless since even if Blair were ascribed the lower educational level he would still be found not disabled under department regulations.  Therefore,

---

Commissioner to prove changed circumstances and therefore escape the principles of *res judicata*.")

the use of an incorrect educational level was not a violation of Blair's due process rights. [Record No. 9]  This may be the outcome upon rehearing; even when presented with a lower level of education the VE may still determine there are jobs in the national economy available. However, *Wilson* is quite clear.  Where an agency violates its own procedure through the presentation of an improper hypothetical, this Court must remand for rehearing.

### IV.   CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, it is clear that Blair's case should be remanded to the Commissioner for further proceedings, consistent with this opinion. On remand, the Commissioner must present a hypothetical question to the vocational expert consistent with all prior determinations of claimants physical and mental capacity.  Accordingly, it is hereby **ORDERED** as follows:

(1)   Claimant's Motion for Summary Judgment [Record No. 8] is **GRANTED**, insofar as it seeks remand to the Commissioner, and **DENIED**, insofar as it seeks to reverse the Commissioner's decision;

(2)   The Commissioner's Motion for Summary Judgment [Record No. 9] is **DENIED**;

(3)   The administrative decision is **VACATED**;

(4)   Pursuant to Sentence Four of 42 U.S.C. § 405(g), this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(5)   This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 18th day of October, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge